UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-234-GFVT

CHARLES M. HILDEBRANT                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

HECTOR RIOS                                                              RESPONDENT

**** **** **** ****

Charles M. Hildebrant ("Hildebrant") is a prisoner incarcerated at the Allenwood Federal Correctional Institution-Low ("LSCI") in White Deer, Pennsylvania, who has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Dkt. 2]  This matter is before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Hildebrant is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## I.  BACKGROUND

On July 20, 2007, Hildebrant was incarcerated at the Satellite Camp of the United States Penitentiary-Big Sandy ("U.S.P.-Big Sandy") in Inez, Kentucky.  On that day, Hildebrant was sitting in a recreation area when a corrections officer of the Bureau of Prisons ("BOP") entered the room and, upon searching near Hildebrant, discovered a cell phone.  After a disciplinary hearing held on August 10, 2007, Hildebrant was found guilty of Offense Code 108, Possession of a Hazardous Tool (Cell Phone).  The DHO sanctioned Hildebrant by disallowing 41 days good conduct time, suspending telephone and visitation privileges for eighteen months, ordering 60 days in disciplinary segregation, and recommending transfer to a higher security facility.

Hildebrant has included with his petition a copy of a August 17, 2007 grievance filed with the Regional Office of Inmate Appeals, as well as a August 29, 2007 rejection by that office for failure to include a copy of the DHO report.  It appears Hildebrant did not file a grievance by filing a BP Form 229 with the warden.  Hildebrant acknowledges that he has not yet exhausted his administrative remedies, but asks the Court to enjoin enforcement of the DHO's sanctions pending resolution of the merits of his petition.

Hildebrant initiated the present action by completing this Court's EDKY Form 521 (Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241) and tendering the $5 filing fee. Hildebrant's petition alleges that the DHO violated his Due Process rights by denying his request to have a paid attorney present, refusing to tape record the hearing, not allowing witnesses to be present, refusing to have the cell phone fingerprinted, denying him the opportunity to interview and cross-examine witnesses, failing to provide him with timely notice of the DHO decision, and basing his decision on insufficient evidence.  Hildebrant seeks an immediate stay of the DHO

2

decision, reversal of the decision on the merits, restoration of his telephone privileges, restoration of his good time credits, and $31,500 in damages.

## II. DISCUSSION

The Court must first determine whether Hildebrant intended to file a petition for habeas corpus pursuant to Section 2241 or a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). While Hildebrant completed the Court's form for a petition of habeas corpus and paid the applicable $5 filing fee, he requested in that document substantial money damages, a form of relief available only through a civil rights action and unavailable in a habeas petition. *Cravatt v. Thomas*, 399 F. Supp. 956 (W.D.Wis. 1975). If the Court were to conclude that Hildebrant intended primarily to seek monetary damages through a civil rights action, it would recharacterize his petition as a civil rights complaint and assess him the full $350 filing fee. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997) ("a prisoner may not attempt to cloak another civil action, such as an alleged civil rights violation, under the auspices of § 2254 and § 2255.   If faced with such an attempt, the district court must assess the prisoner the applicable [] filing fee in accordance with *McGore*."

Here, Hildebrant completed a form expressly designated as a habeas corpus petition, paid the habeas filing fee, and referred to seeking relief under Section 2241 in a cover letter. The Court therefore concludes that Hildebrant sought primarily habeas relief, and the request for money damages should be disregarded as surplusage. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991).

In a petition brought pursuant to Section 2241, the application for a writ of habeas corpus must name the person who has custody over the petitioner as the respondent. 28 U.S.C. § 2242.

3

Likewise, 28 U.S.C. § 2243 provides that the writ or order to show cause is to be directed "to the person having custody of the person detained." The warden of the facility at which the petitioner is ***currently*** serving his sentence is the petitioner's custodian within the meaning of 28 U.S.C. §§ 2241-43, and is the only appropriate respondent to a writ of habeas corpus. *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).

Here, Hildebrant has named Hector Rios, the warden at U.S.P.-Big Sandy, as the respondent. While Rios was the warden at the facility where the events complained of transpired, he is not the proper respondent here, as Hildebrant was not confined at that facility on the date he filed his petition. Rather, the warden at LSCI is petitioner's custodian for purposes of Section 2241, as only the petitioner's present custodian has the authority to effect the changes petitioner seeks - reversal of the DHO decision and restoration of good time credits. Even were the Court to substitute the warden at LSCI as the proper respondent in this proceeding, that substitution would necessitate dismissal of the petition, as this Court lacks personal jurisdiction over a warden located in Pennsylvania. *United States v. Gordon*, 2005 WL 697219 (7th Cir. 2005) (habeas corpus petition which fails to name custodian as respondent and is not filed in court with personal jurisdiction over custodian must be dismissed); *Samirah v. O'Connell*, 335 F.3d 545 (7th Cir. 2003) (petition must be filed in district that has jurisdiction over his custodian; otherwise, the district court would lack jurisdiction).

In addition, Hildebrant himself is not physically present within this district. A prisoner must be physically present within the territorial jurisdiction of the district court where the habeas petition is filed. *United States v. Hayman*, 342 U.S. 205 (1952); *Schmanke v. U.S. Bureau of*

4

*Prisons*, 847 F. Supp. 134 (D. Minn. 1994) (habeas jurisdiction lies in district where prisoner was incarcerated at time habeas petition was filed).

### III.  CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1.        The petition for a writ of habeas corpus [Dkt. 2] is **DENIED.**

2.        The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 12th day of December, 2007.

**Signed By:**

*Gregory F. Van Tatenhove*

**United States District Judge**